UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---------------------------------------------------------------X
BRIAN D. CLARK
              Plaintiff,     :      CIVIL ACTION NO.:

v.     :

PROVIDENCE & WORCESTER RAILROAD   :
and PFIZER INCORPORATED
    :
              Defendants
---------------------------------------------------------------X

## COMPLAINT

COUNT 1

### PROVIDENCE & WORCESTER RAILROAD
### NEGLIGENCE

1. The Plaintiff is a resident of Charlton City, Massachusetts, and brings this action against the Defendant, Providence & Worcester Railroad, a railroad corporation duly established by law and having a usual place of business in Worcester, Massachusetts for injuries suffered by him while in the employ of the Defendant, Providence & Worcester Railroad. This action is brought by virtue of the provisions of the Federal Employers' Liability Act, U.S.C.A., Section 51, et seq.

2. During all the times herein mentioned, the Defendant was a common carrier, engaged in the business of interstate commerce, and, as such, operated a railroad in such business between the said Worcester and Providence, Rhode Island and, at the time the Plaintiff received the injuries complained of, both he and the Defendant were engaged in interstate commerce, within the meaning of the said Federal Employers' Liability Act.

3. On or about April 18, 2005, the Plaintiff was employed as a conductor/engineer by the Defendant and was engaged in his duties as a conductor/engineer in Groton, Connecticut, which tracks, rails, engines, trains, cars and all other equipment and appliances appurtenant thereto were owned and/or operated and/or controlled and/or maintained by the Defendant, and as a result of the negligence of the Defendant, its agents, servants or employees, the Plaintiff was injured.

4. As a result of the said accident, the Plaintiff was made sick, sore and lame and has suffered great pain of body, anguish of mind and will so continue to suffer for an indeterminate

period of time in the future; that prior to said accident, the Plaintiff was a strong, able-bodied man, capable of earning and actually earning the wages of a conductor/engineer as an employee of the Defendant; that as a result of the said accident; that the Plaintiff has been and for some time in the future will be caused to incur expenses for doctors' and hospital services and for medicine in caring for the said injuries.

COUNT II

**PROVIDENCE & WORCESTER RAILROAD**
**SAFE PLACE TO WORK**

5.      The Plaintiff is a resident of Charlton City, Massachusetts, and brings this action against the Defendants, Providence & Worcester Railroad, a railroad corporation duly established by law and having a usual place of business in Worcester, Massachusetts for injuries suffered by him while in the employ of the Defendant, Providence & Worcester Railroad. This action is brought by virtue of the provisions of the Federal Employers' Liability Act, U.S.C.A., Section 51, et seq.

6.      During all the times herein mentioned, the Defendant was a common carrier, engaged in the business of interstate commerce, and, as such, operated a railroad in such business between the said Worcester and Providence, Rhode Island and, at the time the Plaintiff received the injuries complained of, both he and the Defendant were engaged in interstate commerce, within the meaning of the said Federal Employers' Liability Act.

7.      On or about April 18, 2005, the Plaintiff was employed as a conductor/engineer by the Defendant and was engaged in his duties as a conductor/engineer in Groton, Connecticut, which tracks, rails, engines, trains, cars and all other equipment and appliances appurtenant thereto were owned and/or operated and/or controlled and/or maintained by the Defendant, and as a result of the failure of the Defendant, its agents, servants or employees to use reasonable care to provide the Plaintiff a safe place in which to work and to furnish him with safe and suitable tools, appliances and equipment, the Plaintiff was injured.

8.      As a result of the said accident, the Plaintiff was made sick, sore and lame and has suffered great pain of body, anguish of mind and will so continue to suffer for an indeterminate period of time in the future; that prior to said accident, the Plaintiff was a strong, able-bodied man, capable of earning and actually earning the wages of a conductor/engineer as an employee of the Defendant; that as a result of the said accident; that the Plaintiff has been and for some time in the future will be caused to incur expenses for doctors' and hospital services and for medicine in caring for the said injuries.

COUNT III

**PROVIDENCE & WORCESTER RAILROAD**
**SAFETY APPLIANCE ACT**

9. The Plaintiff is a resident of Charlton City, Massachusetts, and brings this action against the Defendant, Providence & Worcester Railroad, a railroad corporation duly established by law and having a usual place of business in Worcester, Massachusetts for injuries suffered by him while in the employ of the Defendant, Providence & Worcester Railroad. This action is brought for violation of the Safety Appliance Act, 45 USC § 11 et seq.

10. During all the times herein mentioned, the Defendant was a common carrier, engaged in the business of interstate commerce, and, as such, operated a railroad in such business between the said Worcester and Providence, Rhode Island and, at the time the Plaintiff received the injuries complained of, both he and the Defendant were engaged in interstate commerce, within the meaning of the said Safety Appliance Act.

11. On or about April 18, 2005, the Plaintiff was employed as a brakeman by the Defendant and was engaged in his duties as a conductor/engineer in Groton, Connecticut, which tracks, rails, engines, trains, cars and all other equipment and appliances appurtenant thereto were owned and/or operated and/or controlled and/or maintained by the Defendant, and as a result of the violation of the Safety Appliance Act by the Defendant, its agents, servants or employees, the Plaintiff was injured.

12. As a result of the said accident, the Plaintiff was made sick, sore and lame and has suffered great pain of body, anguish of mind and will so continue to suffer for an indeterminate period of time in the future; that prior to said accident, the Plaintiff was a strong, able-bodied man, capable of earning and actually earning the wages of a conductor/engineer as an employee of the Defendant; that as a result of the said accident; that the Plaintiff has been and for some time in the future will be caused to incur expenses for doctors' and hospital services and for medicine in caring for the said injuries.

WHEREFORE, the Plaintiff demands judgment against the Defendant, Providence & Worcester Railroad, in the amount of $1,000,000.00 for losses and damages, plus attorney's fees and costs of this action.

PLAINTIFF REQUESTS TRIAL BY JURY.

COUNT IV

**PFIZER INCORPORATED**
**FAILURE TO MAINTAIN**

13. The Plaintiff is a resident of Charlton City, Massachusetts.

14. Pfizer Incorporated is a corporation established under the laws of the state of New York, with a usual place of business in Groton, Connecticut.

15. Subject matter jurisdiction is provided pursuant to the provisions of 28 U.S.C. § 1367 as the claims made against this Defendant arise out of the same set of operative facts referred to the Counts I, II and III herein.

16. At all material times hereto, Pfizer Incorporated was the owner or party in control of the railroad side tracks in Groton, Connecticut.

17. Upon information and belief, by the terms of an agreement Pfizer Incorporated engaged Providence & Worcester Railroad to provide railroad transportation and side track switching services.

18. Upon information and belief, Pfizer Incorporated specifically agreed to keep the side tracks in repair for safe and efficient operation of locomotives and cars and to remove materials from the sidetrack including a reasonable area on both sides of the side track whenever necessary or appropriate for the safe and efficient operation of locomotives and cars thereon.

19. On or about April 18, 2005, the Plaintiff was working in the course of his employment moving railroad cars on the Pfizer Incorporated siding when he encountered an object, believed to be a post, that had been situated within the right of way causing him to fall and be injured.

20. As a result of the said accident, the Plaintiff was made sick, sore and lame and has suffered great pain of body, anguish of mind and will so continue to suffer for an indeterminate period of time in the future; that prior to said accident, the Plaintiff was a strong, able-bodied man, capable of earning and actually earning the wages of a conductor/engineer as an employee of the Defendant; that as a result of the said accident; that the Plaintiff has been and for some time in the future will be caused to incur expenses for doctors' and hospital services and for medicine in caring for the said injuries.

21. The Plaintiff says injuries were proximately caused by Pfizer Incorporated's negligent failure to maintain the side track in compliance with the terms and obligations of the forementioned agreement and/or failure to maintain its premises in a reasonably safe condition for those such as the Plaintiff who were legally on its premises.

COUNT V

**PFIZER INCORPORATED**
**NEGLIGENCE**
**FAILURE TO WARN**

Plaintiff incorporates by reference paragraphs 13 through 21 as if set forth word for word.

22. The Plaintiff says his injuries were proximately caused by Pfizer Incorporated's negligent placement of the post and/or negligent failure to inspect, maintain and/or repair said

side track and/or negligent failure to warn person on its property of unreasonably dangerous conditions thereon.

WHEREFORE, the Plaintiff demands judgment against the Defendant Pfizer Incorporated in the sum of ONE MILLION ($1,000,000.00) DOLLARS.

PLAINTIFF REQUESTS TRIAL BY JURY.

BRIAN D. CLARK
By his attorneys,

DATE: _____

_____
Robert M. Byrne, Jr., Esq.
Thornton & Naumes LLP
100 Summer Street, 30th Floor
Boston, MA 021110
617-720-1333


_____
Robert Sweeney, Esq.
James F. Early, Esq.
Early, Ludwick, Sweeney & Strauss, L.L.C.
One Century Tower, 11th Fl.
265 Church Street
P.O. Box 1866
New Haven, CT 06508-1866